[Civ. No. 13930.   Second Dist., Div. One.   Apr. 14, 1943.]

JACQUES KLASS et al., Respondents, v. RALPH W. EVANS, as Building and Loan Commissioner, etc., Defendant; HARLEY HISE, as Building and Loan Commissioner, etc. (Substituted Defendant), Appellant.

George S. Dennison and W. G. Harmon for Appellant.

Sidney A. Moss for Respondents.

WHITE, J.—This action was commenced by plaintiffs who are husband and wife against the defendant as Building and

Loan Commissioner of the State of California, acting as such in the liquidation of The Mutual Building and Loan Association. By their complaint plaintiffs alleged that on June 12, 1941, they submitted to defendant an offer for the purchase of the Lafayette Hotel situate in the city of Long Beach, county of Los Angeles; that pursuant to and in accordance with the provisions of said written offer plaintiffs deposited with defendant commissioner the sum of $6,250; that said offer to purchase was not accepted by defendant but that the latter refused, in his official capacity, to return to plaintiffs the said sum of $6,250 and retained it in his possession.

By his answer defendant denied that the aforesaid sum was paid to him pursuant to the offer to purchase made by plaintiffs on June 12, 1941, and by way of affirmative defense, the answer alleged that said sum was received pursuant to another agreement to purchase executed June 19, 1941, by plaintiff Jacques Klass for the purchase of the Lafayette Hotel and also certain vacant property adjacent thereto; that said plaintiff Jacques Klass failed and refused to perform his said agreement of June 19th, and that the money in question was, in accordance with the terms and provisions of such agreement, retained by defendant commissioner.

Briefly epitomizing the evidence in a light most favorable to plaintiffs and to sustain the findings made by the court, the record reflects that on June 12, 1941, both plaintiffs, who as heretofore noted were husband and wife, signed a written offer to purchase the Lafayette Hotel property but not including the adjoining vacant property. Pursuant to the agreement plaintiffs deposited with defendant commissioner the sum of $6,250. This offer to purchase was rejected by defendant, but the deposit money was not returned to plaintiffs. The rejection of plaintiffs' offer took place on June 19th and was made known by defendant to plaintiff Jacques Klass only when he called at defendant commissioner's office to inquire concerning the acceptance of the offer of June 12th. Upon this occasion a discussion ensued between Mr. King, an employee of the commissioner, and plaintiff Jacques Klass concerning a new proposal made by said plaintiff to Mr. King, whereupon the latter prepared in writing an offer for the purchase of the hotel as well as the adjoining vacant property. According to plaintiff Jacques Klass, he at that time demurred to signing the new proposal to purchase, his testimony in that regard being ''Then Mr. King said 'You sign here' and I said 'Well, I will have to consult Mrs. Klass

on that, I will have to have her signature.' He said 'That is not necessary now.'." However, the witness signed the new proposal. Mr. Klass further testified in reference to a conversation had on June 19th with Special Deputy Building and Loan Commissioner McNitt, in charge of the Los Angeles office, "He (Mr. McNitt) suggested that I make a minimum offer. Of course, that minimum offer was contingent upon certain conditions upon my part, whether I wanted to talk it over with my wife.'" It should here be noted that Mrs. Klass was not present at the conference of June 19th and never did sign the offer of that date to purchase the hotel and the vacant property adjoining it. On June 20, 1941, defendant commissioner addressed a letter to both plaintiffs advising in part that the hearing "On your offer to purchase property located at 140 Linden Avenue, Long Beach, is July 3, 1941, at 10 a. m., in Department 34 of the Superior Court. . . . You or your representative are at liberty to be present.'" Plaintiff Jacques Klass attended the hearing at which the court authorized the sale of the hotel and the vacant lot in accordance with the offer to purchase signed by Mr. Klass alone on June 19th. Thereafter defendant commissioner forwarded to plaintiffs certain escrow papers including a "statement of identity" and this statement was signed by both plaintiffs. Plaintiff Klass testified that at the time he received the letter of June 20th with reference to the court confirmation proceedings "I did not know the court hearing referred to was not in connection with the offer of June 12th." Plaintiff husband also testified "I went to see Mr. McNitt (Special Deputy Commissioner) between July 3rd and July 20th and asked him why he put through the memorandum agreement that he had and he told me that I had accepted that offer and that they had accepted it. I told him that I never accepted the offer of June 19th; that it was contingent upon taking the matter up with Mrs. Klass; and that I was only interested in the first offer because Mrs. Klass was not agreeable to the other." About July 10th plaintiff husband had a conversation with Special Deputy Commissioner McNitt about which he testified as follows: "I told Mr. McNitt I couldn't possibly go through with that offer, including the lot, because Mrs. Klass objected to it, and I explained the objection, the extra amount involved. Mr. McNitt said he would see what could be done about it." True, there was testimony contradicting some of the evidence herein narrated

but under familiar rules, the intrinsic value of testimony, its weight and the credibility of witnesses must be left to the trier of facts.

The trial court found that plaintiffs deposited the $6,250 pursuant to their jointly signed and original offer of June 12, 1941, to purchase the hotel property alone; and that such sum was not paid in connection with or pursuant to the terms of the agreement to purchase of June 19th signed only by plaintiff Mr. Klass, and which involved the purchase of both the hotel property and the adjacent vacant lot. The court further found that the last mentioned agreement to purchase was conditioned upon the concurrence of the plaintiff wife, and that the latter never concurred or acquiesced therein, and that the minds of plaintiffs and defendant had not mutually met. It was further found that defendant never accepted the agreement of June 19, 1941, for the purchase of the hotel and lot, and that defendant commissioner never accepted the money pursuant thereto.

From the judgment in favor of plaintiffs for the recovery by them of the sum of $6,250 with interest, defendant prosecutes this appeal.

It is agreed by all parties to the appeal that the major question, if not the sole question here presented, is whether there was substantial evidence to support the finding that the $6,250 was deposited by plaintiffs with defendant commissioner in connection with the original offer of June 12th signed jointly by both plaintiffs, and not in connection with the offer of June 19th signed only by plaintiff husband.

As to the date when the money was received by defendant commissioner there was positive testimony that the sum was delivered to him on June 12th, the date the check therefor bears, and contemporaneously with the written offer to purchase of that date. It would challenge reason in view of the testimony herein, both oral and documentary, to assume that the money was not originally deposited in connection with the jointly signed agreement of June 12th. The evidence also clearly establishes the fact that the original offer to purchase was rejected by defendant commissioner. In connection with the second offer to purchase, it should be borne in mind that the first offer, which was signed by both the husband and wife, referred to the purchase of the hotel property only. When that offer was refused plaintiffs were entitled to a return of their deposit; unless the minds of all parties met upon a new proposal under date of June 19th. It is also

significant that the last mentioned offer called for a delivery of the property by deed in the name of both plaintiffs; was for property in addition to that mentioned in the first agreement and called for a greater consideration than did the first offer to purchase. Yet Mrs. Klass, one of the parties to the first agreement and at least a part owner of the money deposited, did not sign the second offer of June 19th, and there is not a scintilla of evidence that she knew anything about it until after it was signed by her husband. There is very substantial evidence, however, to support the finding of the trial court that the offer of June 19th was a conditional one, made by plaintiff husband, delivered conditionally by him upon the assumption and understanding that it would not become effective until the plaintiff wife concurred therein. This she never did. In fact her husband testified that she objected and refused to agree thereto. The evidence, including defendant commissioner's petition for confirmation by the superior court of the offer to purchase and sale thereunder, clearly negatives his contention that he was concerned in the second offer with a transaction involving only the husband, and with equal clarity indicates that the transaction was one which to his mind involved both the husband and wife. The court was therefore justified in finding that the contract of June 19th did not become a complete binding contract between defendant commissioner and the plaintiff husband.

We deem it unnecessary to discuss appellant's contention that insofar as he was concerned respondent Mr. Klass, being a married man, was entitled to make the contract of June 19th without the concurrence or acquiescence of his wife by reason of his right to manage and control the community property as well as his absolute power to dispose of it without his wife's consent (sec. 172, Civil Code). Be that as it may, the fact remains that there is evidence to support the court's finding that the offer to purchase made by the husband on June 19th was a conditional one, dependent upon the concurrence and acquiescence of the wife therein and that the minds of all the parties, involved and intended to be involved in the transaction of June 19th, never met. While the defendant commissioner's two letters of June 20th may tend to show that in his mind there was the thought of thereby accepting the agreement of June 19th, nevertheless such communications referred to ''their'' offer but the record shows

that the only offer made by both respondents was the one of June 12th and plaintiff husband contended in the trial court that it was always his belief that the letters of June 20th referred to such first and only offer which "they" (both plaintiffs) made.

Appellants claim that the finding of the court that defendant husband never paid $6,250 in connection with the offer of June 19th "is demonstrably and by respondent's brief, admittedly without support in the evidence" cannot be upheld because there is evidence in the record to support a conclusion on the part of the trial court that if the husband did make a deposit of $6,250 in connection with the offer of June 19th, he did so conditioned upon the concurrence and acquiescence of the wife, and there is substantial evidence that the latter never concurred or acquiesced in such offer and in fact objected to and refused sanction of it. In other words, the deposit, like the agreement of June 19th, was conditional and never completely or fully made. Both law and good conscience therefore dictate the legality and justice of the trial court's decision requiring defendant commissioner to return to plaintiffs the sum of $6,250 involved in this litigation.

For the foregoing reasons the judgment is affirmed.

York, P. J., and Doran, J., concurred.